## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES HOBSON, individually and   :
on behalf of all other similarly situated   :
individuals   :
  :
     Plaintiff,   :   CIVIL ACTION NO.
  :   1:10-cv-0734-RWS
v.   :
  :
COMMUNICATIONS UNLIMITED,   :
INC. and C.U. EMPLOYMENT, INC.   :
  :
     Defendants.   :

## <u>ORDER</u>

This case comes before the Court on Defendants' Emergency Motion to Cease and Desist Unauthorized Communication to Putative Class Members [20]. After a review of the record, the Court enters the following Order.

## Background

This is an overtime case brought by Defendants' current and former cable installers on behalf of themselves and others similarly situated under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The claims of Plaintiffs Fowler and Cleveland, and opt-in Plaintiffs Brent Blackwell, Alex Gordon, Myron Guthrie, Deontra Huntley, Alvis Levister, and Nicholas

Crawford are stayed and are currently being pursued in arbitration.  Plaintiff

James Hobson was classified by Defendants as an independent contractor and is

the only Plaintiff in this case at this time.  Plaintiff's Counsel has mailed

advertisement letters to potential plaintiffs, as well as, maintains a website that

contains information about this case, including information for potential

plaintiffs on how they may get involved in the lawsuit.  Defendants contend that

the advertisement letter, website, and consent form contain inaccurate and

misleading statements "designed to improperly encourage hundreds of

Defendants' current and former employees and independent contractors to

contact Plaintiff's counsel and join this case." (Dkt. No. [20] at 2.)  Defendants

point to nine statements in Plaintiff's correspondence, website and consent form

which they claim are inaccurate and should not be permitted.  Defendants

request that the Court grant its Motion to Cease and Desist and direct that any

further correspondence to putative class members be stayed until such time that

this Court and Defendants' counsel have provided input into the content of the

communications to putative class members or until this Court has decided the

issue of conditional certification.

AO 72A
(Rev.8/82)

**Discussion**

The Court is well familiar with its right to exercise its discretion to supervise judicial notice in the form of pre-certification communication. Hoffmann-La Roche Inc., v. Sperling et al., 493 U.S. 165, 169-172 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989) ("Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action."); Maddox v. Knowledge Learning Corp., 499 F. Supp. 2d 1338 (N.D. Ga. 2007) (holding that it is within the court's discretion to prohibit or modify pre-certification statements which are "factually inaccurate, unbalanced, or misleading").  However, the Court should also refrain from imposing limits that impede on plaintiffs' and their lawyers' free speech rights.  "In general, an order limiting communications regarding ongoing litigation between a class and class opponents will satisfy first amendment concerns if it is grounded in good cause and issued with a heightened sensitivity for first amendment concerns." Kleiner v. First National Bank, 751 F.2d 1193, 1205 (11th Cir.1985) (citation and internal quotation omitted).

3

The Court has reviewed the contested communications, website and consent order and finds that it would be inappropriate at this time to require Plaintiff's Counsel to cease and desist any communication with putative class members.  Thus, the court will deny Defendants' motion to the extent it requests such.  However, it is within the Court's discretion to prohibit the plaintiffs from issuing pre-certification statements that are factually inaccurate, unbalanced, or misleading.  Therefore, the Court will grant the motion to the extent that it will order the Plaintiff to correct certain statements in the communications that it deems to be inappropriate.  The statements to be amended are as follows:

1.   "What about retaliation? If you currently work for Communications Unlimited and you feel you are the victim of retaliation for being in this lawsuit, contact us immediately. The law protects you from retaliation for asserting your rights and, if you suffer retaliation, you may be able to assert additional claims against Communications Unlimited."

Defendants argue, and the Court agrees, that this statement unfairly implies that Defendants would retaliate against its employees for participation in the lawsuit.  Plaintiff must substitute the following phrase:  "Communications Unlimited is prohibited by law from taking any action against you for participating in this lawsuit."

4

2.    "If you worked as a current or former installer for CUI within the past three years and would like to make a claim for overtime pay, you must make your claim in writing by filling out a 'consent form.'" **[LETTER CORRESPONDENCE]**
"To get involved in the lawsuit, you must complete a Consent Form and return it to us immediately for filing with the Court. If you do not return this Consent Form, we cannot include you in the lawsuit." **[WEBSITE]**

Such statements imply that potential plaintiffs must retain the named Plaintiff's Counsel in order to assert the specified claim against Defendants.  Plaintiff must modify the statements to reflect that potential plaintiffs have the right to retain counsel fo their choosing.  The Court suggests the correspondence include the phrasing "otherwise, you may seek legal advice from an attorney of your choice at your own expense."

As to the remaining statements which Defendants allege are false and misleading, the Court finds that the statements are not imroper at this stage of the litigation.  Plaintiff's Counsel must send curative notice to the fourteen opt-ins who have filed based on Plaintiff's Counsel's original communications

### Conclusion

Based on the foregoing, Defendants' Emergency Motion to Cease and Desist Unauthorized Communication to Putative Class Members [20] is **GRANTED, IN PART,** and **DENIED, IN PART**.  The Motion is **GRANTED**

to the extent that Plaintiff shall be required to immediately make the changes detailed above to certain statements in future correspondence to putative class members.  The Motion [20] is otherwise **DENIED**.

   **SO ORDERED** this  2nd  day of August, 2010.


                  _____

                  **RICHARD W. STORY**
                  United States District Judge

AO 72A
(Rev.8/82)