IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES HOBSON, individually and on behalf of all other similarly situated individuals, : : : : : | |
| Plaintiff, : : | CIVIL ACTION NO. 1:10-CV-734-RWS |
| v. : : | |
| COMMUNICATIONS UNLIMITED, INC., *et al.*, : : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion to Compel Discovery Responses [27], Plaintiff's Motion to Compel Arbitration [28], Defendants' Motion to Compel Plaintiff's Discovery Responses [32], Defendant's Motion to Compel Arbitration [40], and Defendants' Motion to Stay Arbitrations of Alex Gordon and Michael Cleveland [46]. After a review of the record, the Court enters the following Order.

I. Discovery

Both parties have filed motions to compel discovery from the other side. Under the Federal Rules, "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). However, this rule permits discovery only of relevant information, and the discovery must appear reasonably calculated to lead to the discovery of admissible evidence. See id. The court may deny a motion to compel further discovery if it concludes that the questions involved are irrelevant. Mitchell v. Nix, 2007 WL 779067, at *3 (N.D. Ga. Mar. 8, 2007) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)).

### A. Plaintiff's Motion to Compel

Plaintiff seeks to compel two types of information from Defendants: 1) the names and contact information of Defendants' employee and independent contractor cable installers and their respective managers; and 2) to extend the geographic and temporal scope of the Defendants' 30(b)(6) witness' testimony beyond the Smyrna "system" and Plaintiff's time of employment to nationwide cable installers for the statutory period.

First, Plaintiff requests the contact information for all of Defendant's cable installers nationwide for the statutory period. Defendant objects citing the request as overbroad and an undue burden. Specifically, Defendant points to the fact that Hobson is the only Plaintiff in this suit and all employees and

2

independent contractors who are within the statutory period as of today are covered by arbitration agreements. Defendant also asserts that the Court is unlikely to certify this case as a collective action because Plaintiff cannot show that other potential plaintiffs are "similarly situated." While it is true that persons subject to arbitration agreements will not be included in this action, Plaintiff is entitled to discover other persons who may be similarly situated and who are not subject to arbitration agreements. Plaintiff is entitled to discover evidence to establish the similarity of potential plaintiffs.

In the event the Court held that Plaintiff is entitled to such discovery, Defendant requested that the scope of the discovery be limited to the offices in which the presently identified Plaintiff worked. Because of the uncertainty of finding persons not subject to arbitration agreements, the Court believes that a reasonable restriction should be imposed. Until Plaintiff is able to show the likelihood of other members being included in a collective action, the Court finds that requiring Defendant to produce the breadth of information sought by Plaintiff would be unduly burdensome. The Court will limit Defendants' obligation to respond to this discovery to activities in the State of Georgia. Therefore, at this time, Defendants are ordered to provide the requested

3

information only as to independent contractors who worked in Georgia during the statutory period.

Additionally, the Plaintiff seeks to compel the names and contact information for any managers of the aforementioned group.  The Defendant cites Comment 4A to Georgia Rule of Professional Conduct 4.2(a) for the proposition that it is improper for Plaintiff's counsel to contact anyone in Defendant's company who have "managerial responsibility on behalf of the organization."  This provision does not address a party's obligation to disclose witnesses.  It only regulates contacts with those witnesses.  Moreover, this protection does not apply to former managers. In re Domestic Air Transp. Antitrust Litig., 141 F.R.D. 556, 561 (N.D. Ga. 1992) (holding that under the Georgia Rules of Professional Conduct, former managerial employees are not protected by Rule 4.2(a)).  Therefore, Defendants are ordered to produce the names of presently employed managers of independent contractors in Georgia during the statutory period and the names and contact information for any non-represented former managers of independent contractors in Georgia during the statutory period.

4

Finally, Plaintiff also seeks to compel the Defendants to expand the geographic and temporal scope of their 30(b)(6) witness' testimony.  The Court orders Defendants to produce deposition testimony regarding Georgia independent contractors for the statutory period.

### B. Defendant's Motion to Compel

The Defendant seeks to compel: 1) the Plaintiff's tax returns from 2007-2009; 2) his job applications and resumes from 2007 through trial; 3) the execution of an employment release; and 4) Plaintiff's fee agreement with his counsel.

First, the Court denies Defendants' request for the Plaintiff's tax returns as there are less burdensome sources for the same information, such as interrogatories or deposition testimony.  Additionally, the Court denies the Defendants' request for the Plaintiff's job applications and an employment release because it is irrelevant whether the Defendant worked for someone else before or after the Defendants; the inquiry is whether the Plaintiff was properly categorized as an independent contractor while he was working for the Defendants alone. However, the Court orders Plaintiff to produce his resumes from 2007 to the present as these may be used to challenge Plaintiff's

5

description of his relationship with Defendants.  See Pendlebury v. Starbucks Coffee Co., 518 F. Supp. 2d 1345, 1362 (S.D. Fla. 2007) (holding that contradictory statements in the Plaintiffs' resumes create credibility issues).

Lastly, the Court denies the Defendant's request for the Plaintiff's fee agreement with his counsel.  Assuming the Defendant has to pay fees, such a contract is irrelevant to the fee inquiry.  Silva v. Miller, 307 Fed. App'x 349, 351-52 (11th Cir. 2009) (holding that the FLSA's right to a judicially-determined reasonable attorney's fee cannot be superceded by a fee agreement; rather, the Court sets what fee is reasonable under the circumstances).

II. Arbitration

First, the Court **GRANTS, as unopposed** Defendants' Motion to Compel Arbitration [40].  However, the Court **RESERVES RULING** on Plaintiff's Motion to Compel Arbitration [28].  The Plaintiff's counsel is **ORDERED** to produce *in camera* his curative notice letter within seven (7) days of this Order so that the Court may determine if the language used was sufficient. In the interim, Plaintiff's Motion to Stay [46] is **GRANTED**, and the arbitration is **STAYED** pending a ruling on the foregoing motion to compel arbitration.

III. Conclusion

Plaintiff's Motion to Compel Discovery Responses [27] and Defendants' Motion to Compel Plaintiff's Discovery Responses [32] are **GRANTED, in part** and **DENIED, in part**. Defendant's Motion to Compel Arbitration [40] is **GRANTED, as unopposed.** As well, the Court **RESERVES RULING** on Plaintiff's Motion to Compel Arbitration [28] and Plaintiff's Counsel is **ORDERED** to produce *in camera* his curative notice letter within seven (7) days of this Order. Until the Court can rule on the Plaintiff's Motion to Compel Arbitration [28], Defendants' Motion to Stay Arbitrations of Alex Gordon and Michael Cleveland [46] is **GRANTED**.

**SO ORDERED** this   7th   day of February, 2011.

                                                **RICHARD W. STORY**
                                                United States District Judge

AO 72A
(Rev.8/82)